KENNETH M. SORENSON
United States Attorney
District of Hawaii

JEANNETTE S. GRAVISS
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Facsimile:   (808) 541-2958
E-mail: jeannette.graviss@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. MJ 26-00746 KJM |
| | ) | |
| Plaintiff, | ) | MOTION TO DETAIN |
| | ) | DEFENDANT WITHOUT BAIL |
| vs. | ) | |
| | ) | |
| | ) | |
| MICHAEL VAITUULALA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**UNITED STATES' MOTION TO DETAIN DEFENDANT WITHOUT BAIL**

The United States of America moves this Court to detain the defendant

pending further judicial proceedings, and further requests that a detention hearing be

held three days from the date of the defendant's initial appearance before the United States Magistrate Judge pursuant to Title 18, United States Code, Section 3141, et. seq.

### Eligibility for a Detention Hearing

1.    The defendant is eligible for detention hearing because there is a serious risk he will flee and there is a serious risk of obstruction of justice.  *See* 18 U.S.C. §§ 3142(f)(2)(A) and (f)(2)(B); *see also, e.g.*, *United States v. Inouye*, No. CR 23-00050 HG-03, 2023 WL 6378928, at *1 (D. Haw. Sept. 29, 2023) (detention hearing warranted where government proved by a preponderance of the evidence that there was a serious risk defendant would obstruct or attempt to obstruct justice).

2.    There is a serious and demonstrable risk of obstruction of justice, as already borne out by the defendant's actions.  Immediately prior to his arrest, the defendant destroyed evidence by deleting his Instagram account.  The defendant was called into a meeting with the Federal Bureau of Investigation and described having a "feeling" about what was going to happen and deleted the account.  As described in the Criminal Complaint, Instagram was a key method of communication between the defendant and his coconspirators and likely to contain corroborating evidence of the defendant's crimes.  The Court does not need to speculate as to whether the defendant might obstruct justice or destroy evidence; he already has.

2

3.      This is to say nothing of the years the defendant has spent obstructing justice by interfering with ongoing state and federal criminal investigations.  The defendant has demonstrated that – even as a law enforcement officer – his loyalties lie not with the Maui Police Department, the pursuit of justice, or the community he owed a duty to protect, but with the drug traffickers and other criminals he shielded from prosecution.  The defendant has actively conspired with drug traffickers to further their operations – disclosing the identities of confidential sources and the existence of a confidential wiretap.  He also disclosed the existence of a sealed criminal complaint and leaked evidence.

4.      The defendant also participated in the organization of chicken fighting on Maui by approving the logistics and accepting ongoing payments to ignore these illegal operations and ensure MPD did not shut them down.  Not only has the defendant himself been actively obstructing justice, but he has been advising criminals on Maui how to do the same – counseling them to use encrypted applications and burner phones to communicate to avoid detection by law enforcement.

5.      If ordered released, the risk of obstruction of justice is simply too great.  There are no conditions that could possibly be adequate to prevent the defendant from continuing to destroy evidence or from tampering with witnesses.

6.      The defendant also presents a serious flight risk.  He recently put his home up for sale – the completion of which would remove one of his ties to Hawaii and provide him with additional funds to flee (on top of the ongoing bribes he has being receiving from criminals).   Additionally, the defendant has recently traveled overseas to Japan and has strong family ties in Tonga.

## Grounds for Detention

7.      The Bail Reform Act requires a defendant to be released pending trial unless a judicial officer determines that the defendant's release "will not reasonably assure the appearance of the defendant as required or will endanger the safety of any other person or the community."   18 U.S.C. § 3142(b).   If the judicial officer determines that no condition or combination of conditions can reasonably assure the defendant's appearance, the defendant shall be detained before trial.   18 U.S.C. § 3142(e)(1).   Detention is thus appropriate where a defendant is either a danger to the community or a flight risk.  *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

8.      To detain a defendant pending trial based on his risk of nonappearance, the judicial officer must find by a preponderance of the evidence that the defendant poses a flight risk.   In making its decision, the Court is guided by Section 3142(g) which outlines the factors the Court must consider.   Such factors include,

(1) the nature and circumstances of the offense charged...;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including-

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law;...

In the government's view, these statutorily proscribed factors weigh in favor of detention.

*Nature and Circumstances of the Offense*

9.      Title 18, United States Code, Section 3142(g)(1) requires the Court to consider the nature and circumstances of the offense charged.   While the nature of the charge, conspiracy to commit honest services wire fraud, on its face would not seem to weigh in favor of detention, the circumstances surrounding the offenses certainly do.   As described above and in the affidavit in support of the criminal complaint, the defendant used his position of power and influence in the Maui Police Department for his own personal gain at the expense of the people of Maui.   The people of Maui are entitled to public servants and police officers who serve and protect the community – not drug dealers or others involved in illegal activity.   Not

only did the defendant facilitate crime on Maui and protect criminals, but he also lined his pockets while doing so.

10.    The defendant also disclosed the identity of confidential sources, placing those individuals in grave danger.

*The Weight of the Evidence Against the Defendant*

11.    Section 3142(g)(2) requires the Court to consider the weight of the evidence against the defendant.   The government submits that the evidence against the defendant is strong.   Multiple witnesses describe the defendant accepting cash payments in exchange for information and favorable treatment, and the defendant was caught in July 2026 accepting cash from a cooperating witness as part of a controlled payment arranged by law enforcement.

12.    The weight of the evidence against the defendant strongly suggests that he is guilty of the alleged offenses, which is relevant to his motivation to flee.

*The History and Characteristics of the Defendant*

13.    Section 3142(g)(3)(A) requires this Court to consider the history and characteristics of the person, including the person's character, physical and mental condition, employment, financial resources, length or residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings.

14.     While the defendant appears to have strong ties to the community, those ties are a fiction.  His so-called ties are to a community the defendant has been betraying for years, and it stands to reason that the bond has been broken.  The defendant has demonstrated his character by placing his greed over the needs of the community he owed a duty to protect  Abusing one's position as a public servant by accepting bribes for years in exchange for protecting criminals, facilitating drug trafficking, and obstructing state and federal investigations on Maui are not indicative of the types of deep roots that establish a legitimate "tie" to the community.   Rather, the defendant's actions demonstrate an utter disregard for his community.

15.     While the defendant has been employed by the Maui Police Department for years, he used his official position for personal gain and to the endangerment of everyone on Maui.   A defendant's employment in the community typically supports an argument he will not flee.   Not so here, where the defendant's employment as an MPD officer is at the crux of his crimes.   As a law enforcement officer with a duty to uphold the law, the defendant's abuse of his position also demonstrates that he is neither reliable nor trustworthy, and this Court should have zero confidence that the defendant will comply with any conditions of release.

16.     The defendant has demonstrated that he has the financial resources to flee.  The defendant has traveled to the mainland, including Nevada, Texas, and

Wyoming in the past year.   He has also traveled outside of the country to Japan. And the defendant has strong family ties in Tonga.

Conclusion

17.    The government submits that when considering all the factors outlined in Title 18, United States Code, § 3142(g), the factors in favor of detention.   There is a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance in court.

DATED:   August 6, 2026, at Honolulu, Hawaii.

KENNETH M. SORENSON
United States Attorney
District of Hawaii


By */s/ Jeannette S. Graviss*
    JEANNETTE S. GRAVISS
    Assistant U.S. Attorney

8

CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served via CM-ECF:

Gary Singh
Attorney for Defendant
MICHAEL VAITUULALA

Served via email

Whitney Nakamura
U.S. PRETRIAL SERVICES
300 Ala Moana Blvd, Rm. 7-222
Honolulu, Hawaii 96850

    DATED:   August 6, 2026, at Honolulu, Hawaii.


                                By /s/ Jeannette S. Graviss
                                   JEANNETTE S. GRAVISS
                                   Assistant U.S. Attorney