HARRISON LAW CENTER,
A Law Corporation
WILLIAM A. HARRISON #2948
American Savings Bank Tower
1001 Bishop Street, Suite 2828
Honolulu, Hawai`i 96813
Telephone Number: (808) 523-7041
Facsimile Number: (808) 538-7579
E-Mail: william@harrisonlawcenter.com

Attorney for Defendant
MICHAEL VAITU`ULALA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>Vs.<br><br>MICHAEL VAITU`ULALA,<br><br>Defendant. | CASE NO. 26-00746-KJM<br><br>**DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER OF DETENTION PENDING TRIAL;MEMORANDUM IN SUPPORT; DECLARATION OF COUNSEL; EXHIBIT "A;" CERTIFICATE OF SERVICE** |

**DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER OF DETENTION PENDING TRIAL**

Defendant Michael Vaituulala, through undersigned counsel, respectfully moves this Court pursuant to 18 U.S.C. §§ 3142(f) and 3145 for reconsideration of the Order of Detention Pending Trial entered August 19, 2026 (ECF No. 22). (Order of Detention Pending Trial at 4) This motion does not seek to relitigate the

sealed, in-camera materials addressed in the Court's Order of October 6, 2026 (ECF No. 31). Instead, it rests on a narrow and independent ground: a material change in circumstances that did not exist at the time of the detention hearing.

Since that hearing, Defendant has been placed on administrative leave without pay and has been stripped of all police powers and of any access to law-enforcement intelligence, systems, or investigations. *See* Exhibit "A." Those developments remove the very mechanism of danger on which the Court relied and, together with a robust set of conditions, permit the Court to fashion a release that will reasonably assure the safety of the community and Defendant's appearance.

**MEMORANDUM IN SUPPORT**

## I. Introduction and Summary of Argument

The Court ordered Defendant detained after finding, by clear and convincing evidence, that no condition or combination of conditions would reasonably assure the safety of the community. (Order of Detention Pending Trial at 3) The Court's reasoning was specific: it was concerned that Defendant, a Maui Police Lieutenant, would misuse his official position by "[r]eleasing sensitive law enforcement information to individuals trafficking in multiple kilograms of narcotics," and that if released "there is a strong probability that he would cover his tracks and do whatever

he needed to do to protect himself." (Order of Detention Pending Trial at 3) Each of those concerns is tethered to Defendant's status and access as a sworn officer.

That status no longer exists. Defendant has been placed on leave without pay, his police powers have been stripped, and he has no access to or ability to receive any law-enforcement intelligence, databases, or investigative information. The capacity to commit the conduct the Court feared has been removed — not by Defendant's promised good faith, but by external action beyond his control. This is new information, unavailable at the August 11, 2026 hearing, that bears materially on the only question the Bail Reform Act asks: whether conditions of release can reasonably assure the safety of the community and Defendant's appearance. Because that question must now be answered differently, reconsideration is warranted, and a combination of conditions — home incarceration, location monitoring, a curfew, Pretrial Services supervision, a third-party custodian, no-contact restrictions, and surrender of travel documents — will reasonably assure both safety and appearance.

## II. II. Procedural Background

The Government filed a Criminal Complaint on July 31, 2026, charging Defendant with conspiracy to commit wire and honest-services fraud. (*Order Denying Defendant's Motion to Unseal and Disclose the Ex Parte, In-Camera Materials Relied Upon by The Court in Ordering Detention*, ECF No. 24 at 2) The Government

moved to detain, and a detention hearing was held on August 11, 2026. *Id.* at 3. The hearing proceeded under 18 U.S.C. § 3142(f)(2), on the asserted serious risk of flight and serious risk that Defendant would obstruct justice. (*Order of Detention Pending Trial* at 1) No statutory presumption under § 3142(e) was found to apply; the charged offense is not a presumption offense, and the Court checked none of the presumption findings. *Id.* at 2.

On August 19, 2026, the Court entered its Order of Detention Pending Trial, finding by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of any other person and the community. (*Order of Detention Pending Trial* at 3) The Court did not find that flight could not be addressed by conditions. *Id.* Apart from the strength of the evidence and the asserted danger of release, the Court checked none of the form's other listed reasons for detention — including lack of community ties, lack of stable residence, lack of stable employment, prior criminal history, history of violence, or prior failure to appear. *Id.*

In its statement of reasons, the Court emphasized "the length of time the defendant is alleged to have been violating the public trust," the danger of "[r]eleasing sensitive law enforcement information," and the "strong probability that he would cover his tracks." (*Order of Detention Pending Trial* at 3)

By Order dated October 6, 2026, the Court denied Defendant's motion to unseal the Government's ex parte submission, finding that it had relied "primarily on the allegations in the Complaint" in ordering detention. (*Order Denying Defendant's Motion to Unseal and Disclose the Ex Parte, In-Camera Materials Relied Upon by The Court in Ordering Detention*, ECF NO. 24 at 8) This motion takes the Court at its word: the detention decision rested on the Complaint's allegations concerning Defendant's misuse of his police position — a position he no longer holds.

## III. III. Legal Standard

A detention hearing may be reopened before trial "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f); *United States v. Schneider,* No. 07-10234-01-MLB, 2008 WL 11396795 (D. Kan. Apr. 21, 2008).

Separately, a person ordered detained by a magistrate judge "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order," which "shall be determined promptly." 18 U.S.C. § 3145(b). The court with original jurisdiction over the offense retains authority to

reopen and reconsider the bail issue. *United States v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991).

The governing substantive framework is settled in this Circuit. The Bail Reform Act "requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). "Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor." *Id.* Federal law has "traditionally provided that a person arrested for a noncapital offense shall be admitted to bail," and the Fifth and Eighth Amendments "require careful review of pretrial detention orders to ensure that the statutory mandate has been respected." *United States v. Motamedi,* 767 F.2d 1403, 1405 (9th Cir. 1985). A finding of danger to the community "must be supported by clear and convincing evidence," while a risk of flight is shown by a preponderance. *Motamedi* at 1406–1408. In weighing the § 3142(g) factors, "the weight of the evidence is the least important," and the statute "neither requires nor permits a pretrial determination" of guilt. *United States v. Gebro,* 948 F.2d 1118, 1121 (9th Cir. 1991); *United States v. Motamedi,* 767 F.2d 1403, 1406–1408 (9th Cir. 1985).

**IV. Reconsideration Is Warranted Because Defendant's Loss of His Police Powers and Access Is New Information That Materially Bears on the Conditions Analysis.**

The reopening standard asks whether information now exists that was not known at the time of the hearing and that materially bears on whether conditions can reasonably assure safety and appearance. *United States v. Schneider,* No. 07-10234-01-MLB, 2008 WL 11396795 (D. Kan. Apr. 21, 2008). Defendant's loss of his official position and access satisfies that standard. At the August 11 hearing, Defendant remained a sworn officer; the Court's danger finding was premised on the powers and access that attended that role. Since the hearing, Defendant has been placed on leave without pay and stripped of all police authority and of any access to law-enforcement intelligence or investigations.

A closely analogous situation arose in *United States v. Schneider*, No. 07-10234-01-MLB, 2008 WL 11396795 (D. Kan. Apr. 21, 2008), where a physician charged with unlawful prescribing sought to reopen his detention. The court explained that the post-hearing closure of the defendant's clinic was "a new fact that materially influences the Court's judgment about whether there are conditions of release that will reasonably assure the safety of the community," and therefore supplied a basis to reopen. *Id.* The same logic applies here with even greater force: the suspension of Defendant's police powers and access is the functional equivalent of the suspended

license and shuttered clinic in *Schneider*, supra. — it removes, by external action, the instrumentality of the alleged danger. That is precisely the kind of materially changed circumstance § 3142(f) contemplates.

**V. The Changed Circumstances Dismantle the Specific Danger the Court Found.**

The danger the Court identified was not generalized; it was specific to Defendant's ability to act as a police officer. The Court's concern was that Defendant would release "sensitive law enforcement information" to criminal associates and "cover his tracks." (*Order of Detention Pending Trial* at 3) Both concerns depend entirely on Defendant's continued access to confidential law-enforcement information and his authority as an officer. Strip away the badge, the credentials, and the access, and the danger the Court described cannot be carried out. A suspended officer cannot run a database query, cannot receive an investigative briefing, cannot warn a target of a wiretap, and cannot "cover his tracks" within an agency to which he no longer has access.

The Ninth Circuit has recognized that even where a defendant poses a danger, he must still be released if a "condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." *United States v. Hir*, 517 F.3d 1081 (9th Cir. 2008). The court in *Hir* rejected a proposed conditions package because its effectiveness "depend[ed] on [the defendant's] good faith

compliance" and the charged conduct — covert communications in support of terrorism — was "not readily susceptible to effective monitoring." *United States v. Hir,* 517 F.3d 1081 (9th Cir. 2008). That concern is absent here. Defendant's dangerousness has been reduced not by a promise the Court must trust, but by external action: his employer and department have removed his authority and access. As the court recognized in *Schneider*, the loss of the defendant's official authority "change[s] the equation for deciding whether Defendant would be a danger to the community," and conditions of supervision can then reasonably assure safety. *United States v. Schneider*, No. 07-10234-01-MLB, 2008 WL 11396795 (D. Kan. Apr. 21, 2008). The mechanism of danger here is extinguished at its source, not merely policed by the honor system.

## VI. VI. The § 3142(g) Factors Now Favor Release.

Reweighing the statutory factors in light of the changed circumstances supports release. See 18 U.S.C. § 3142(g); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

As to the **nature and circumstances of the offense**, Defendant is charged with a non-violent public-corruption offense. The seriousness of the charge is not in dispute, but seriousness alone does not justify detention; the question is whether conditions can address the risk the offense suggests. As to the **weight of the**

**evidence**, this is "the least important" factor, and the Court may consider it only in terms of the likelihood of nonappearance or danger, not as a pretrial determination of guilt. *United States v. Motamedi*, 767 F.2d 1403, 1406–1408 (9th Cir. 1985). The Complaint's allegations remain allegations. *Order Denying Defendant's Motion t-o Unseal and Disclose the Ex Parte, In-Camera Materials Relied Upon by the Court in Ordering Detention,* ECF NO. 24 at 6.

As to Defendant's **history and characteristics**, the record cuts in favor of release, and the detention order itself confirms it: the Court checked none of the findings for lack of community ties, lack of stable residence, lack of stable employment, prior criminal history, history of violence, or prior failure to appear. *Order of Detention Pending Trial* at 3.

Defendant is a lifelong member of a small Maui community, is married, and has children and an established support network prepared to assist with his supervision and accountability. *See* character reference letters previously submitted. Finally, as to the **nature and seriousness of the danger** posed by release, that danger — defined by the Court in terms of Defendant's official access — is now sharply diminished for the reasons set forth above.

## VII. A Combination of Conditions Will Reasonably Assure the Safety of the Community and Defendant's Appearance.

The Act requires release on the least restrictive conditions that will reasonably assure safety and appearance, and the Court "contemplates only that a court be able to 'reasonably assure,' rather than guarantee, the safety of the community." *United States v. Hir*, 517 F.3d 1081 (9th Cir. 2008); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). Here, as in *Schneider*, a combination of conditions — reporting to Pretrial Services, travel restrictions, home detention, and electronic/GPS location monitoring — can reasonably assure both safety and appearance once the instrumentality of the offense is removed.

Defendant respectfully proposes the following conditions under 18 U.S.C. § 3142(c)(1)(B), together with any others the Court deems appropriate:

(a) Release to the custody of a third-party custodian who agrees to assume supervision and to report any violation of a release condition to the Court;

(b) Home incarceration, restricting Defendant to his residence at all times except for attorney visits, court appearances, medical needs, and other activities pre-approved by Pretrial Services;

(c) Location monitoring by GPS or other technology approved by Pretrial Services, with a curfew and house-arrest hours set by Pretrial Services;

(d) Supervision by, and regular reporting to, the U.S. Pretrial Services Office, and compliance with all instructions of the supervising officer;

(e) Surrender of all passports and travel documents and a prohibition on travel outside the District of Hawaii without prior written approval;

(f) No contact, direct or indirect, with any alleged victim, co-conspirator, cooperating witness, or potential witness; and

(g) A prohibition on accessing, seeking, or receiving any law-enforcement database, system, intelligence, or non-public investigative information, and on contacting current or former law-enforcement colleagues except as approved by Pretrial Services.

Two features of Defendant's circumstances make these conditions especially effective. First, Defendant lives in a small, close-knit community where he is well known; he cannot move or act anonymously, which both reduces any flight risk and makes surreptitious misconduct impractical. Second, the charges against Defendant have drawn a high level of media attention, rendering him readily recognizable and heightening the visibility and accountability that attend his release. These realities, combined with electronic monitoring and home incarceration, leave no realistic avenue for Defendant to flee or to resume the alleged conduct, particularly now that he no longer holds the office or access that made that conduct possible.

## VIII. Conclusion and Request for Relief

For the foregoing reasons, Defendant respectfully requests that this Court:

1. Reconsider and reopen the Order of Detention Pending Trial pursuant to 18 U.S.C. §§ 3142(f) and 3145;

2. Conduct a renewed detention hearing in light of the changed circumstances set forth above;

3. Order Defendant released on the conditions proposed above, or on such other combination of conditions as the Court finds will reasonably assure the safety of the community and Defendant's appearance; and

4. Grant such other relief as the Court deems just and proper.

DATED: Honolulu, Hawaii, October 20, 2026.

Respectfully submitted,
/s/ William A. Harrison
WILLIAM A. HARRISON
Attorney for Defendant
MICHAEL VAITUULALA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>Vs.<br><br>MICHAEL VAITU`ULALA,<br><br>Defendant. | CASE NO. 26-00746-KJM<br><br>**DECLARATION OF COUNSEL** |

**DECLARATION OF COUNSEL**

I, William A. Harrison, declare as follows:

1. I am counsel of record for Defendant Michael Vaituulala in the above-captioned matter and make this declaration based on my personal knowledge and on information provided to me in the course of my representation.

2. Gary Singh, Esq., previously represented Defendant at the detention hearing held on August 11, 2026, and in connection with the Order of Detention Pending Trial entered August 19, 2026.

3. Since the detention hearing, Defendant has been placed on administrative leave without pay from the Maui Police Department. See Attached

Exhibit "A," which is a true and correct copy of a September 8, 2026 letter confirming Defendant's status.

4. Since the detention hearing, all of Defendant's police powers and law-enforcement authority have been stripped, and he no longer holds the authority of a sworn officer.

5. As a result of the foregoing, Defendant no longer has access to, and is unable to access or receive, any law-enforcement database, system, intelligence, or non-public investigative information.

6. These circumstances did not exist at the time of the detention hearing and were not before the Court when it entered its detention order.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATED: Honolulu, Hawaii, October 20, 2026.

/s/ William A. Harrison
WILLIAM A. HARRISON

# EXHIBIT "A"

# POLICE DEPARTMENT

## COUNTY OF MAUI

55 MAHALANI STREET
WAILUKU, MAUI, HAWAII 96793
TELEPHONE: (808) 244-6400
FAX: (808) 244-6411

JOHN PELLETIER
CHIEF OF POLICE

WADE M. MAEDA
DEPUTY CHIEF OF POLICE

September 8, 2026

TO: LIEUTENANT MICHAEL VAITUULALA
CRIMINAL INVESTIGATION UNIT

FROM: JOHN PELLETIER
CHIEF OF POLICE

SUBJECT: ADMINISTRATIVE LEAVE WITHOUT PAY

Effective September 16, 2026, you are being placed on Administrative Leave without Pay pending further investigation into the criminal charges that have been initiated in relation to IA Investigation #26-019.

The Department has deemed that based on the seriousness of the alleged offense, your presence at work would be detrimental to the proper conduct of the investigation, our personnel, operations at work, and the general public. Additionally, you are currently in federal custody and are therefore unavailable at this time.

If you disagree with this action, you have the right to respond in writing or in person to the Chief of Police.

For John Pelletier
CHIEF OF POLICE

Received the original notice this 17TH day of September 2026.

Employee Signature

Served by: ______________________ Date/Time__________
Cc: Mayor, DPS, SHOPO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>Vs.<br><br>MICHAEL VAITU`ULALA,<br><br>Defendant. | CASE NO. 26-00746-KJM<br><br>**CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was duly served by CM/ECF on the following at their last known addresses:

JEANNETTE S. GRAVISS, AUSA
300 Ala Moana Boulevard, Ste. 6-100
Honolulu, Hawaii 96850
Attorney for Plaintiff United States of America

WHITNEY NAKAMURA
U.S. Pretrial Services Office
300 Ala Moana Boulevard, Ste. 2-100
Honolulu, Hawaii 96850

DATED: Honolulu, Hawaii, October 20, 2026.

/s/ William A. Harrison
WILLIAM A. HARRISON
Attorney for Defendant
MICHAEL VAITU`ULALA