KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

JEANNETTE S. GRAVISS
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Email: jeannette.graviss@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL VAITUULALA,<br><br>Defendant. | Case No. MJ 26-00746 KJM<br><br>UNITED STATES' RESPONSE TO MOTION FOR RECONSIDERATION OF ORDER OF DETENTION PENDING TRIAL; CERTIFICATE OF SERVICE |

**UNITED STATES' RESPONSE TO MOTION FOR RECONSIDERATION OF ORDER OF DETENTION PENDING TRIAL**

The United States hereby responds to defendant Michael Vaituulala's motion for reconsideration of order detaining defendant filed July 3, 2025 (ECF No. 22). As set forth below, there are no conditions or combinations of conditions that will

reasonably assure the safety of the community. The defendant's proposed home plan is insufficient to overcome the presumption of detention.

## I. BACKGROUND

On July 31, 2026, the defendant was charged in a criminal complaint with one count of conspiracy to commit honest services wire fraud in violation of Title 18, United States Code, Sections 1343, 1346, and 1349. (ECF No. 1). The defendant was arrested on the criminal complaint on or about August 4, 2026. The United States filed a motion to detain the defendant on the basis that the defendant is a flight risk and a danger to the community. (ECF No. 9).

The Court held a detention hearing on August 11, 2026. The defendant sought to be released and the government recommended detention. The Court found that the defendant's release poses a serious danger to any person or the community. The Court noted the length of time that the defendant had been violating the public's trust and the serious, sensitive law enforcement information that had been released. The detention order noted that: "If the defendant were to be released, there is a strong probability that he would cover his tracks and do whatever he needed to do to protect himself. There is no evidence or suggestion that the defendant would follow the rules set by the Court." (ECF No. 22).

The defendant now moves this court to reconsider the Order of Detention Pending Trial pursuant to 18 U.S.C. § 3142(f)(2), citing the fact that the defendant

has been suspended from his job as a law enforcement officer. (ECF Doc. 16). The government opposes the motion.

## II. THE DEFENDANT HAS NOT PRESENTED NEW INFORMATION THAT WARRANTS REOPENING THE DETENTION HEARING

Title 18, United States Code, Section 3142(f) provides, in relevant part, that a detention hearing may be reopened:

> before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2) (emphasis added). The defendant argues that he was suspended from the Maui Police Department and that it "has a material bearing on the issue whether there are conditions of release that will reasonably assure...the safety of the community." This Court should deny the defendant's motion to reopen the hearing because the fact that the defendant has been suspended from the police department does not have a *material* bearing on the issue of detention. While the Court did not specifically address the defendant's employment status during the detention hearing on August 11, 2026, logic and common sense would suggest that the defendant would not be permitted to return to his employment as a police officer after being charged with a felony. Under the defendant's argument, a person charged

with wire fraud for stealing funds from a company would be entitled to reopen the detention hearing when the company then fired him. That is not a material change in circumstance that bears on the issue of detention.

The defendant cites a district court case from Kansas in support of the notion that removing access from police files changes the considerations of danger to the community. Not only is the case not controlling, but it is not applicable to the facts before this Court. *United States v. Schneider*, 2008 WL 11396795 (D. Kan. Apr. 21, 2008) involved a physician charged with prescribing drugs in violation of the law. At the time of the detention hearing, the physician's clinic was still operating and using the physician's medical license as a basis for the continued operation of the clinic. *Id*. at *5. The judge found that the closure of the clinic after the original detention hearing was "a new fact that materially influences the Court's judgment about whether there are conditions of release that will reasonably assure the safety of the community." *Id*. The Court noted that during the initial detention hearing there was a concern regarding whether the defendant could be effectively monitored to assure that controlled substances would not be dispensed by the defendant or other medical personnel at the clinic. *Id*.

In this case, the primary consideration for the Court was not the defendant's continued employment as a sworn police officer, it was that no conditions could be fashioned to assure the safety of the community given the defendant's ongoing

criminal obstructive behavior. The Court's concern was clearly articulated and did not assume that, upon release, the defendant would resume his job as a police officer with access to sensitive information. He already had access to the information and could use that information to "cover his tracks" upon release. The defendant's suspension is simply not a material change in circumstance such that a hearing may be reopened under 18 U.S.C. § 3142(f)(2).

## III. LEGAL STANDARD

If the Court is inclined to reopen the detention hearing under 18 U.S.C. § 3142(f)(2), the following is to be considered in determining whether to detain the defendant:

A defendant must be detained pending trial where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is thus appropriate where a defendant is either a danger to the community or a flight risk. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

The Court must consider the following four factors:

(1) the nature and circumstances of the offense charged;

(2) the weight of the evidence against the defendant;

(3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family

and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and

(4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release.

*See* 18 U.S.C. § 3142(g); *see also United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). The United States must show by clear and convincing evidence that the defendant presents a danger to the community. *United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990); 18 U.S.C. § 3142(f). An individual determination regarding the applicability of the statutory factors is required. *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Consideration of non-statutory factors is disfavored. *Id.*

## IV. ARGUMENT

The defendant is a danger to the community, as evidenced by, among other things, the ongoing obstructive behavior the defendant has engaged in for years. As the Court said:

> And the worry that I have is whether or not, if you're released, that you're not going to go out and basically do what it appears you've been doing now, which is covering your tracks, doing whatever it is that you need to, all right, because that's a natural instinct, okay?

(ECF No. 27 ("Tr.") p. 11). The Court did not qualify the concern of the defendant's position as a police officer. It would be extremely unusual for a police officer

charged with a felony offense to be able to continue their work as a police officer, so while that may very well be a change in circumstance that permits this Court to reopen the hearing, it does not change the calculus regarding the nature of the danger to the community. The Court noted:

> You're in a heap of trouble. But what I have to worry about is what sort of problem or tendency do you have? And the worry that I have is that you're a person who has a problem with doing the right thing. And so if I can't trust you to follow the rules that I set, it really undercuts whether or not you should be released. That's just the bottom line, okay?

(Tr. p. 11). The Court then discussed the allegations contained in the criminal complaint regarding the disclosure of confidential law enforcement information that included serious drug traffickers. While the defendant argues that his lack of access to that information mitigates the risk, the Court considered what the defendant's conduct meant to the safety of the community. The defendant will not unlearn what he knows about confidential investigations and the defendant knows the identity of the individuals who have been cooperating with the government. Under that backdrop the Court stated the following:

> It really turns on whether or not conditions can be fashioned. And my problem is that I don't think that the conditions as proposed, with all due respect, are adequate. And the recommendation by Pretrial was what it was. But they do not take into account certain types of information that the Court is statutorily required to consider. And so when I look at everything, I find that there are no one – there's no condition or combination of conditions that are reasonably adequate to mitigate or manage the risk of danger you present if I were to release you on the conditions proposed, okay.

> ...
>
> I think the weight, at least of the evidence now, although the least critical of the factors is fairly strong. Your history and characteristics basically cuts both ways. I think you're a good guy and are capable of following a lot of the things you're supposed to. So that tends to be in your favor.
>
> But at the same time, someone like you can have this completely other life is frightening. And if that's the case, then, you know, I cannot trust that these conditions are adequate and in good conscience release you.

(Tr. 14-15, 15). Contrary to the defendant's assertions, the Court did not base the decision to detain the defendant on the defendant's status as a police officer, the Court based the decision on the criminal conduct the defendant engaged in and the serious doubts that he could follow the Court's conditions. All the facts that justified the defendant's pretrial detention on August 11, 2026, remain true today. The release conditions proposed by the defendant are insufficient to mitigate the danger to the community posed by the defendant. The decision to detain the defendant was not based upon his status as a police officer, it was based upon his continued obstructive conduct and the danger that he would continue to cover his tracks.

### A. The Nature and Circumstances of the Offense Weighs in Favor of Detention.

Title 18, United States Code, Section 3142(g)(1) requires this Court to consider the nature and circumstances of the offense charged. As argued in the government's motion to detain, there is a serious and demonstrable risk of

obstruction of justice. The defendant admitted to deleting his Instagram account from his phone just moments before he was arrested.

The defendant also obstructed justice by interfering with investigations conducted by his own department. He owed a duty to protect the citizens of Maui and, instead, he protected criminals and drug traffickers. He did this as part of the Criminal Intelligence Unit of the Maui Police Department, but his suspended status does not mitigate the danger to the community. Not only was the defendant actively obstructing justice, but he advised criminals on Maui how to do the same – counseling them to use encrypted application and burner phones to communicate to avoid detection of law enforcement. The defendant's past conduct is indicative of his future conduct, and he cannot be trusted to follow the conditions of release.

**B. The Weight of Evidence Is Strong.**

Section 3142(g)(2) requires the Court to consider the weight of the evidence against the defendant. The government submits that the weight of evidence against the defendant is strong and outlined in detail in the Criminal Complaint Affidavit. (ECF No. 1).

**C. The History and Characteristics of the Defendant Weigh Against Release.**

The defendant's history and characteristics continue to weigh against release. While the defendant has family ties and strong community connection in Maui, these factors did not prevent the defendant from committing the instant offense. The

defendant has betrayed the community so the ties to his community are a fiction. The defendant demonstrated his character by placing his greed over the needs of a community he swore an oath to protect. Abusing one's position as a public servant by accepting bribes for years in exchange for protecting criminals, facilitating drug trafficking, and obstructing state and federal investigations on Maui are not indicative of the types of deep roots that establish a legitimate "tie" to the community. Rather, the defendant's actions demonstrate an utter disregard for his community.

The defendant used his official position for personal gain and thereby endangered the Maui community. He has demonstrated that he is not trustworthy or reliable, as he argues through his letters of support, and this Court should have zero confidence that the defendant will comply with any conditions of release. The letters of support suggest a man who is different than the one who committed the charged offense. As the Court pointed out, it seems that the defendant is something of a Jekyll and Hyde (Tr. p. 11) – Dr. Jekyll to his friends and family and Mr. Hyde to the citizens of Maui who were betrayed by his illegal activities. For the purpose of considering the safety of the community, the two sides of the defendant cannot be separated.

**D. The Nature and Seriousness of the Danger to the Community is Concerning and Weighs in Favor of Detention.**

Pursuant to Section 3142(g)(4), the Court must last consider "the nature and

seriousness of the danger to any person or to the community that would be posed by the person's release." For the reasons stated above, if the defendant is released there is a real risk he will return to his criminal enterprises, thereby endangering the community.

### E. The Defendant's Proposed Release Conditions Do Not Sufficiently Mitigate His Danger to the Community.

The defendant's proposed release conditions do not sufficiently mitigate his danger to the community or risk of nonappearance.

## V. CONCLUSION

The government requests this court to deny the defendant's motion without hearing because the defendant has not presented information that has material bearing on the issue of whether there are conditions of release that will reasonably assure the safety of the community. If the court does not deny the defendant's request to reopen the detention hearing, the factors outlined in 18 U.S.C. § 3142(g) still weigh heavily in favor of detention. There is clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

If the Court disagrees and is inclined to order the defendant's release, the government respectfully requests that the Court stay its order to allow the government to file an appeal with the District Court.

DATED: October 26, 2026, at Honolulu, Hawaii.

KENNETH M. SORENSON
United States Attorney
District of Hawaii

By *<u>/s/ Jeannette S. Graviss</u>*
JEANNETTE S. GRAVISS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on the following counsel on the date and in the manner described below:

Served Electronically through CM/ECF:

WILLIAM HARRISON
Attorney for Defendant
MICHAEL VAITUULALA

Served by E-Mail

WHITNEY NAKAMURA
U.S. Pretrial Services

DATED: October 26, 2026, at Honolulu, Hawaii.

*/s/ Jeannette S. Graviss*
Assistant United States Attorney